IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH BONG,

                                        ORDER

              Petitioner,

                                      08-cv-731-bbc

     v.

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Joseph Bong has filed objections to the report entered by United States Magistrate Judge Stephen L. Crocker, recommending denial of petitioner's motion for post conviction relief under 28 U.S.C. § 2254. Petitioner is challenging his conviction for rape and other crimes committed in September 1997. He contends that he was denied the effective assistance of counsel and the opportunity to present a defense at trial. The magistrate judge addressed petitioner's contentions thoroughly and concluded that the state courts had not acted unreasonably in denying petitioner's appeals. Not surprisingly, petitioner objects to these conclusions, saying that the magistrate judge erred in his fact finding and legal analysis. My own review of petitioner's objections, the magistrate judge's

1

report and recommendation and the record in the case has uncovered no support for petitioner's objections.

The magistrate judge explained why the state courts were correct in concluding that the errors alleged by petitioner did not deprive him of the right to present a defense and that his counsel was not ineffective in representing him.  It is not necessary to add anything to the magistrate judge's analysis.  None of petitioner's objections add new issues of law or matters overlooked by the magistrate judge.  Petitioner says that the magistrate judge should have incorporated the holdings and analysis of the Court of Appeals for the Seventh Circuit in United States v. Manske, 186 F.3d 770, 778 (7th Cir. 1999), but Manske involved entirely different facts and a different legal question, which was whether the defendant could introduce evidence of threats to prospective witnesses to attack the credibility of testimony of a co-conspirator who was cooperating with the government.  The court of appeals held that the evidence was admissible to show the witness's bias against the defendant.  The case does not stand for the proposition that any evidence helpful to a defendant must be admitted.  It remains the court's responsibility to evaluate the proposed evidence and determine its relevance and admissibility.  The state court analyzed the evidence petitioner wanted to submit and made a reasoned decision to exclude it.  Manske would not have required a different result.

Petitioner objects to the magistrate judge's acceptance of the state court of appeals'

2

treatment of the DNA evidence in this case, but his objections are unpersuasive. Both the magistrate judge and the court of appeals undertook a careful analysis of the DNA evidence and its significance to the case. The fact that the state conceded that petitioner's DNA could have been left on the sheet at a different time than the victim's does not undermine the weight of the evidence, given the improbability of the two samples of DNA landing in the same tiny spot on a queen-size bed sheet in the two-week period before the rape occurred. Neither the magistrate judge nor the court of appeals was wrong to give weight to the unlikelihood of such a coincidence.

I conclude that petitioner has failed to show that the magistrate judge erred in determining that the state courts did not apply clearly established federal unreasonably when they denied petitioner's claims that he had been denied the effective assistance of counsel and the right to present a defense.

ORDER

IT IS ORDERED that the magistrate judge's recommendation is ADOPTED and the petition for post conviction relief under 28 U.S.C. § 2254 filed by petitioner Joseph Bong

is DENIED.

Entered this 24th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge