IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH BONG,

      Petitioner,      ORDER

 v.             08-cv-0731-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

      Respondent.

---

 Joseph Bong has filed a notice of appeal from this court's judgment and order, entered June 24, 2009, adopting the report and recommendation of the magistrate judge and denying Bong's petition for a writ of habeas corpus. He has paid the appellate filing fee.

 Pursuant to 28 U.S.C. § 2253(c)(1), a petitioner may not appeal a final order in a habeas corpus proceeding in which the detention complained of arises from process issued by a state court unless a judge issues a certificate of appealability. A court may grant a certificate of appealability only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant has made a "substantial showing" where "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n. 4 (1983)). Although

petitioner has not supported his notice of appeal with a request for a certificate of appealability, I will assume that he seeks a certificate with respect to the two issues raised in his habeas petition: 1) whether the state courts unreasonably applied clearly established federal law in finding that the trial court did not violated Bong's right to present a defense when it excluded a statement by Misty to Agent Feagles that she had had sex with Bong on one occasion before her mother was raped; and 2) whether the state courts unreasonably applied clearly established federal law in finding that Bong's lawyer was not ineffective for failing to explain to Bong how his decision not to testify could affect the introduction of Misty's statement to Feagles.

For the reasons stated in the magistrate judge's report and recommendation and my order adopting it, I am declining to issue a certificate. In spite of Bong's vigorous objections to the contrary, reasonable jurists would not debate that the state appellate court did not apply unreasonably either Chambers v. Mississippi, 410 U.S. 284, 302 (1973), or Strickland v. Washington, 466 U.S. 668, 687 (1984), in rejecting petitioner's claims. Both Chambers and Strickland establish general rules that "demand a substantial element of judgment" on the part of the courts that apply them. Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). When that latitude is combined with § 2254(d)'s command that federal courts defer to "reasonable" state court decisions, a petitioner must do more than show that the state court could have reached a different conclusion on the evidence before it, which is the most that Bong can do in this case. As this court has explained, the state appellate court made a well-

reasoned decision, grounded in the facts established at trial and in post-conviction proceedings, why the decision to exclude Misty's statement had not denied Bong his right to present a defense and why counsel had not been ineffective. Bong has not made a substantial showing of the denial of a constitutional right.

## ORDER

IT IS ORDERED that petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the petitioner may request a circuit judge to issue the certificate.

Entered this 10th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge